IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OLA MAE ALLEN | § | |
| Vs. | § | CIVIL ACTION NO. 6:09CV302 |
| SIDNEY W. CLYBURN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Ola Mae Allen, proceeding *pro se*, filed the above-styled lawsuit on July 13, 2009. The case was referred to the undersigned for all pretrial matters in accordance with 28 U.S.C. § 636.

*Background*

Plaintiff filed a nearly identical lawsuit in this Court on October 6, 2008. The case was styled *Allen v. Clyburn*, Civil Action No. 6:08cv393. As a result of Plaintiff's history of vexatious filings and a previous Order entered in this Court barring Plaintiff from filing *pro se* pleadings, the case was dismissed on December 15, 2008.

Plaintiff has brought numerous lawsuits against the named Defendants in this case in a variety of courts for nearly three decades. She has been sanctioned for bringing frivolous claims by several Courts, including this Court and the Fifth Circuit Court of Appeals.

As with her lawsuit filed in 2008, the present case appears to originate in the same facts as her 1982 lawsuit styled *In re: Ola Mae Allen*, Civil Action No. 6:82cv49. Plaintiff broadly alleged in that case that Defendants engaged in racial discrimination and criminal conspiracy. After more

than ten years of litigation, on February 9, 1993, Judge Justice entered an Order (the "Judge Justice Order") directing the Clerk to "refuse to accept and shall return any and all mail or personal filings from plaintiff, Ola Mae Allen, which do not bear the signature of a licensed attorney admitted to practice before the Bar of the Eastern District of Texas." Moreover, Judge Justice ordered that, "all mail received from plaintiff Ola Mae Allen which does not come from the office of a licensed attorney, admitted to practice before the Bar of the Eastern District of Texas and representing the plaintiff Ola Mae Allen, shall be returned by the Clerk, unopened."

Before the 1982 case was finally closed by the Court, Plaintiff filed two additional actions in this Court alleging similar facts. *See Allen v. City of Longview*, Civil Action No. 6:90cv321 and *Allen v. Shrum*, Civil Action No. 6:91cv42. Both cases were dismissed, appealed by Plaintiff, and dismissed on appeal by the Fifth Circuit. *See Allen v. Shrum*, 956 F.2d 264 (5th Cir.1992) (dismissing appeal). In both cases, the trial court prohibited Plaintiff from any further filing of pleadings in the actions, the Clerk was directed not to accept further filings, and the defendant was excused from responding to any further pleadings. In *Allen v. Shrum*, Plaintiff was ordered to pay double the costs of appeal for filing a frivolous appeal. Plaintiff also filed a petition for writ of certiorari with the United States Supreme Court, which was denied. *Allen v. Shrum*, 506 U.S. 828 (1992).

On March 28, 1991, Plaintiff filed yet another civil rights action related to the same facts in this Court. Once again, Plaintiff's claims were dismissed, appealed by Plaintiff, and dismissed on appeal. The Fifth Circuit ordered that Plaintiff pay $500 to defendant and that the clerk of the Fifth Circuit was to accept no further appeals from Plaintiff unless authorized by the district judge in writing. Nevertheless, Plaintiff filed additional motions, which were all denied.

After Plaintiff's 2008 lawsuit was dismissed, she filed the present lawsuit approximately seven months later on July 13, 2009. Plaintiff is pursuing the same stale claims that have been previously dismissed multiple times and her pleadings do not bear the signature of a licensed attorney admitted to practice in this district. In light of Judge Justice's Order, the Clerk erroneously accepted Plaintiff's *pro se* filing in this case. The complaint should have been returned to Plaintiff unopened and unfiled. In response to the complaint, Defendant Sidney W. Clyburn filed a Motion to Dismiss (document #13) on July 28, 2009, seeking dismissal of the complaint in compliance with Judge Justice's Order.

*Discussion*

District courts have the inherent power to *sua sponte* dismiss pre-filing injunctions to deter vexatious filings. *Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 188-89 (5th Cir.2008). The traditional standards for injunctive relief do not apply to issuance of an injunction against a vexatious litigant. *Id.* at 189. Because Plaintiff has been undeterred by repeated sanctions from this Court and the Fifth Circuit, Judge Justice imposed a pre-filing injunction against Plaintiff. That injunction has not been lifted or modified. The complaint was improvidently accepted by the Clerk and filed and it should be dismissed with prejudice.

## Recommendation

It is recommended that Defendant Sidney W. Clyburn's Motion to Dismiss (document #13) be granted and the complaint be dismissed as to all Defendants with prejudice.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations

contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **30** day of **July, 2009.**

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE